**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAWIONE LAMAR ROBERTS,<br>*Petitioner,*<br>v.<br>DEREK OBERLANDER, et al.,<br>*Respondents.* | CIVIL ACTION<br>NO. 21-1790 |

**PAPPERT, J.** **May 4, 2022**

**MEMORANDUM**

Dawione Roberts, a prisoner at the Forest State Correctional Institution in Marienville, Pennsylvania, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He subsequently moved to stay proceedings while he exhausted his claims in state court under the Pennsylvania Post Conviction Relief Act. The Court referred his case to Magistrate Judge Timothy Rice for a report and recommendation, and Judge Rice recommended dismissing Roberts's petition as untimely and denying his motion for a stay. Although Roberts did not specifically object to the R&R, he filed, *inter alia*, motions under Federal Rules of Civil Procedure 60(b) and 59(e) that otherwise contest Judge Rice's recommended disposition. After reviewing the state court record, Roberts's habeas petition and motion to stay, Judge Rice's R&R and Roberts's subsequent filings, which the Court construes liberally as objecting to the R&R, the Court approves and adopts the R&R and dismisses this case with prejudice.

# I

## A

On February 18, 2016, a jury convicted Roberts of attempted homicide and aggravated assault in the Delaware County Court of Common Pleas for shooting Haniyyah Dwight. (CCP Dkt. # CP-23-CR-003346-2015 at 3–4.) Approximately two months later, he was sentenced to between twenty and forty years in prison. (*Id.* at 4.) The Superior Court affirmed his sentence on December 31, 2019. (SC Dkt # 165-EDA-2019 at 3.)

On March 31, 2021, Roberts filed his habeas petition[1] in this Court claiming six grounds for relief under the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution as well as Article I, Section 9 of the Pennsylvania Constitution. (ECF 1.) Five days later, he filed a counseled PCRA petition in the Court of Common Pleas. (CCP Dkt. at 16.) On April 25, Roberts moved to stay the proceedings in this Court because he was "in the process of retaining counsel" for this case and PCRA counsel was exhausting his claims in state court. (ECF 3.)

On July 13, 2021, the Court referred Roberts's case to Judge Rice for a R&R. (ECF 5.) Ten days later, Judge Rice ordered Roberts by August 16 to file a memorandum showing cause why his habeas petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2241(d) and to attach a copy of his PCRA petition. (ECF 6.) On September 10, after Roberts failed to comply, Judge Rice ordered Roberts

---

[1] While the docket shows a filing date of April 14, 2021, Roberts indicated he placed his Petition in the prison mailing system on March 31. (ECF 1.) The "prison mailbox rule" provides that a *pro se* habeas petition is deemed filed "at the moment [petitioner] delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

to file the memorandum by September 20. (ECF 7.) Again, Roberts did not respond to Judge Rice's order. The docket indicates both orders were mailed to Roberts by September 13.

B

Judge Rice's R&R, issued on September 29, 2021, recommended that the Court dismiss Roberts's habeas petition with prejudice, deny his Motion for a Stay and deny a certificate of appealability. (ECF 10.) Judge Rice concluded Roberts's petition was untimely, equitable and statutory tolling and alternative start dates did not apply, and Roberts had not shown dismissing his petition would produce a "fundamental miscarriage of justice." (R&R 3–5.) Judge Rice allowed Roberts to object to the R&R within two weeks of service. (*Id.* at 6.)

On October 13, 2021, Roberts moved for an extension to file a "memorandum with the Court." (ECF 11.) He claimed he was not at fault for failing to meet the filing deadlines in Judge Rice's show cause orders because he did not receive them in the prison mail until October 12. (*Id.*) The Court granted the motion and ordered Roberts to file objections to the R&R by November 19. (Oct. 21, 2021 Order, ECF 12.)

Roberts filed several things before that deadline. First, he moved[2] for relief from judgment under Federal Rule of Civil Procedure 60(b) or alternatively to alter or amend judgment (presumably under Rule 59(e)), claiming he was experiencing "continuous delays in receiving court mail," that "opposing party" committed "<u>misconduct</u>" by withholding and opening his mail outside his presence and that these "re[c]ent" mail

[2] Although there are two docket entries for this Motion, the filings are identical. (ECF 13; ECF 14.)

delays amount to "state-created impediments." (ECF 13 (underline in original).) He also requested a sixty-day extension to file a "memorandum out of time." (*Id.*) Roberts next moved for clarification (again, presumably under Rule 59(e)) or "alternatively objection(s)" to the R&R and renewed his Motion for a Stay, repeating his claim that his receipt of the show cause orders was delayed. (ECF 15.) Roberts subsequently filed (in this Court) his PCRA petition and a Court of Common Pleas order scheduling a hearing on that petition. (ECF 17; ECF 18.)

II

The Court reviews *de novo* parts of the R&R to which a habeas petitioner has objected, and it can accept, reject or modify any of the magistrate judge's recommendations. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) Governing Section 2254 Cases in the U.S. District Courts. While Roberts did not specifically object to Judge Rice's R&R,[3] the Court interprets his filings as challenging Judge Rice's recommendation that his Petition be dismissed for untimeliness and his Stay Motion denied.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for habeas petitions filed by state court prisoners. 28 U.S.C. § 2244(d)(1). The limitations period begins running on the latest of the following four dates: when the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review"; when an "impediment" to filing the petition "created by State action" that violates federal law is removed, if that state action prevented petitioner from filing the petition; when a constitutional right asserted

---

[3] Roberts moved in the alternative for "objection(s) to" the R&R. (ECF 15.) But this Motion does not otherwise mention the R&R, much less object to it.

by petitioner was "initially recognized by the Supreme Court," if it has been "newly recognized" by the Court and "made retroactively applicable to cases on collateral review"; and when the "factual predicate" of petitioner's claims was discoverable "through the exercise of due diligence." *Id.* This limitations period is tolled, however, during the pendency of a "properly filed application for State post-conviction or other collateral review," like a PCRA petition. *Id.* at (d)(2).

State law governs when a judgment becomes final under § 2244(d)(1)(A). *See Gonzalez v. Thaler*, 565 U.S. 134, 152 (2012). Under Pennsylvania law, appeals must be filed within thirty days "after the entry of the order from which the appeal is taken," including a Superior Court order. Pa. R. App. Proc. 903(a). The judgment becomes final when a timely appeal is not filed. *See* 28 U.S.C. § 2244(d)(1)(A).

III

Roberts's Petition is untimely. His judgment of sentence became final on January 30, 2020, when he failed to appeal the Superior Court's affirmance of his sentence to the Pennsylvania Supreme Court within thirty days. *See Gonzalez*, 565 U.S. at 151–52. To comply with AEDPA's one-year statute of limitations, Roberts needed to file his Petition in this Court by February 1, 2021. *See* 28 U.S.C. § 2244(d)(1)(A). He didn't file it until March 31, 2021. (ECF 1.)

None of the the alternative starting dates for the limitations period apply here. No right newly recognized and made retroactive by the Supreme Court is relevant here, and Roberts's knowledge of his claims' factual predicate is not in issue. *See* § 2244(d)(1)(C)-(D). He appears to argue, however, that an impediment created by state action prevented him from timely presenting his claims. *See* § 2244(d)(1)(B). But

Roberts claims "state-created impediments" delayed his receipt of the show cause orders Judge Rice issued in July and September of 2021—not that they precluded him from timely filing his Petition. *See* (ECF 11; ECF 13).

Neither statutory nor equitable tolling helps Roberts. Beginning with equitable tolling, it applies "sparingly" and is not available unless the petitioner shows "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013) (internal quotation marks omitted). Even if the Court assumes Roberts has been diligently pursuing his rights, he points to no extraordinary circumstance that prevented him from timely filing his Petition. As for statutory tolling, Roberts's PCRA petition is irrelevant because the one-year limitations period for his habeas Petition had already run by the time Roberts filed his PCRA petition in state court on April 5, 2021. *See* 28 U.S.C. § 2244(d)(2).

Finally, the "fundamental miscarriage of justice" exception does not apply. This exception can circumvent AEDPA's one-year statute of limitations, but only in limited circumstances. *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017). It is a "narrow" exception applicable to a "severely confined category" of cases, namely those "in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" the petitioner. *Id.*; *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The exception is inapplicable here because Roberts presents no new evidence of his innocence.

IV

A district judge cannot issue a certificate of appealability unless the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). If the court denies the petition on procedural grounds, the petitioner must show "jurists of reason" could debate whether the "petition states a valid claim of the denial of a constitutional right" and whether the "district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will not issue a certificate of appealability because jurists of reason could not debate its procedural ruling.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.